## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

ANDREZ MARQUEZ, on behalf of himself and all others similarly situated, including but not limited to, CLARISSA MOREJON, MORGAN HOWARD, SOPHIA FELICIANO, JAMES BROMLEY, and JEFF BARR,

                    Plaintiffs,

        v.

AMAZON.COM, INC.,

                    Defendant.

Civil Action No. _____

Removal from the Circuit Court for the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, Case Number 50-2021-CA-000789-XXXX-MB

## DEFENDANT AMAZON.COM, INC.'S
## <u>NOTICE OF REMOVAL</u>

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA, AND TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Amazon.com, Inc. ("Amazon" or "Defendant"), hereby removes this action from the Circuit Court for the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, Case Number 50-2021-CA-000789-XXXX-MB, to the United States District Court for the Southern District of Florida, West Palm Beach Division.  The Court has jurisdiction over this action under 28 U.S.C. § 1332(d)(2) because the amount in controversy exceeds the sum or value of $5 million, exclusive of interest and costs, Plaintiffs claim to represent a class comprised of over 100 members, and there is minimal diversity between the parties.  In the alternative, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between Plaintiffs and Defendant and Plaintiffs claim damages in excess of $1 million, exclusive of interest and costs.  Grounds for removal are as follows:

## PROCEDURAL BACKGROUND

1. On January 19, 2021, Plaintiffs Andrez Marquez, Clarissa Morejon, Morgan Howard, Sophia Feliciano, James Bromley, and Jeff Barr filed a class action complaint on behalf of themselves, a nationwide class, and a Florida class, against Defendant in the Circuit Court for the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, Case Number 50-2021-CA-000789-XXXX-MB (the "State Court Action").

2. On January 29, 2021, Plaintiffs served copies of the Summons, Complaint, and Civil Case Cover Sheet on Amazon.  Copies of these documents, as well as the Proof of Service filed on February 5, 2021, are attached hereto as Exhibits A, B, C, and D, respectively.[1]

---

[1]  Attached hereto as Exhibit E is a copy of the State Court Action docket.

3.       On February 4, 2021, the parties filed a stipulation extending Defendants' time to respond to the complaint to March 11, 2021, and setting a briefing schedule in the event Defendant files a motion in response to the Complaint.  The stipulation is attached hereto as Exhibit F.[2]

4.       As of this date, no further pleadings have been filed or served in the State Court Action and no further proceedings have been conducted in the State Court Action.

5.       In their Complaint, Plaintiffs allege they lost two months of Amazon Prime benefits when Amazon temporarily prioritized the shipment of medical supplies, household staples, and other high-demand necessities during the initial months of the COVID-19 pandemic. Compl. ¶ 28.  Plaintiffs further allege Amazon failed adequately to disclose to its customers that it could suspend Prime shipping and that it would not provide Prime customers a refund after doing so.  *Id.* ¶¶ 29–31.

6.       The four claims alleged are: (1) Violation of Florida Deceptive and Unfair Trade Practices Act (FDUPTA), Florida Statutes Section 501.201, *et seq.*; (2) Breach of Contract; (3) Negligent Misrepresentation; and (4) Unjust Enrichment.  *Id.* ¶¶ 48–72.

7.       Plaintiffs' Complaint seeks damages "in excess of $1,000,000, excluding interests and costs," *id.* ¶ 35, for an unspecified total amount of compensatory and punitive damages, attorney's fees, costs and expenses, and interest, *id.* ¶ 73.

8.       Plaintiffs further allege 118 million people were paying for Amazon Prime during the COVID-19 pandemic.  *Id.* ¶ 26.  According to the Complaint, Amazon thus "misappropriated approximately $1.18 billion dollars in membership fees from its Prime membership customers

---

[2]  Attached hereto as Exhibit G are Defendants' counsel's motions for *pro hac vice* admission in the Circuit Court for the Fifteenth Judicial Circuit.

(based upon a rounded down figure of $10 per month subscription fee)." *Id.*  Plaintiffs allege that "[a] refund to a mere 25% of Prime customers, for one month of the subscription fee (based on a rounded down figure of $10), amounts to $295 million dollars." *Id.*  Thus, Plaintiffs seek compensatory damages of between at least $295 million and $1.18 billion. *See id.*  Plaintiffs further seek punitive damages, attorney's fees, and any other relief the Court deems equitable and just. *Id.* ¶ 73.

9.      For purposes of this removal only, Amazon assumes Plaintiffs' allegations are true.

## REMOVAL IS TIMELY

10.      Plaintiffs served Amazon on January 29, 2021.  Because Defendant's Notice of Removal is filed within 30 days of service of the Summons and Complaint, it is timely under 28 U.S.C. § 1446(b).

## GROUNDS FOR REMOVAL

11.      This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).  In the alternative, removal is proper under 28 U.S.C. § 1441 because this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a).

12.      Removal is also proper because this Court is the district court "for the district and division embracing the place where such action is pending," and because Defendant is not a citizen of the State in which this action was brought.  28 U.S.C. § 1441.

13.      Amazon denies Plaintiffs' factual allegations and denies that Plaintiffs are entitled to bring class action claims or that the classes they purport to represent are entitled to the relief

requested.[3]  However, taking Plaintiffs' claims as stated in the Complaint and the prayer for relief, all requirements for jurisdiction under 28 U.S.C. § 1332 have been met.  Accordingly, this Court has jurisdiction over this action.

**I.  The Court Has Subject Matter Jurisdiction under CAFA**

14.  This Court has subject matter jurisdiction over this action pursuant to CAFA.  28 U.S.C. § 1332(d).

15.  Plaintiffs bring this action as a putative class action.  CAFA applies "to any class action before or after the entry of a class certification order by the court with respect to that action."  28 U.S.C. § 1332(d)(8).

16.  Removal based on CAFA is proper because: (A) the amount placed in controversy by the Complaint exceeds, in the aggregate, $5 million, exclusive of interest and costs; (B) diversity of citizenship exists between one or more plaintiffs and one or more defendants; and (C) the aggregate number of putative class members is 100 or greater.  28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453.  Removal is therefore proper under 28 U.S.C. § 1441(a).

**A.  The Amount in Controversy Exceeds $5 Million**

17.  Amazon avers, solely for the purposes of meeting the jurisdictional requirements for removal only, that Plaintiffs' and the putative classes' requested damages exceed $5 million.

---

[3]  Amazon denies that liability or damages can be established either as to Plaintiffs or on a class-wide basis.  Amazon does not concede and reserves the right to contest at the appropriate time Plaintiffs' allegations that this action may properly proceed as a class action.  Amazon does not concede and reserves the right to contest at the appropriate time that any of Plaintiffs' allegations constitute a cause of action against it under applicable Florida law.  No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiffs will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise.  Amazon's notice seeks only to establish that the amount in controversy plausibly exceeds the jurisdictional minimum under 28 U.S.C. § 1332.

18.     Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine whether the amount in controversy exceeds $5 million, exclusive of interests and costs.  28 U.S.C. § 1332(d)(6).

19.     When a plaintiff does not expressly plead a specific amount in damages, a removing party seeking to invoke CAFA jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

20.     The Eleventh Circuit applies "a preponderance of the evidence" standard to determine whether removal under CAFA is proper.  *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 913 (11th Cir. 2014); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010).  A defendant seeking to remove under CAFA need only show "that the amount in controversy *more likely than not* exceeds the . . . jurisdictional requirement [of $5 million]."  *Pretka*, 608 F.3d at 752 (internal quotation marks omitted).  To satisfy this burden, a defendant may rely on "reasonable deductions, reasonable inferences, or other reasonable extrapolations."  *Id.* at 754.

21.     Plaintiffs' allegations—if accepted—would place in excess of $5 million in controversy, exclusive of interest and costs.  *See Shaver v. Ford Motor Co.*, 768 F. Supp. 2d 1235, 1236–37 (S.D. Fla. 2011) (holding that removal under CAFA is proper where "the requisite amount of controversy of $5,000,000 is evident on the face of the complaint").

22.     Plaintiffs seek damages for the pro-rata amount paid for Amazon Prime during the time in which free and fist shipping service was allegedly suspended.  Compl. ¶ 59.  Plaintiffs allege 118 million people were paying for Amazon Prime during the COVID-19 pandemic.  *Id.* ¶ 26.  According to the Complaint, Amazon thus "misappropriated approximately $1.18 billion dollars in membership fees from its Prime membership customers (based upon a rounded down

figure of $10 per month subscription fee)." *Id.*  Plaintiffs further allege that "[a] refund to a mere 25% of Prime customers, for one month of the subscription fee (based on a rounded down figure of $10), amounts to $295 million dollars." *Id.*  Thus, Plaintiffs seek compensatory damages of between at least $295 million and $1.18 billion.  *See id.*

23.     In addition, Plaintiffs seek restitution from Amazon "removing all benefits, profits and compensation obtained by AMAZON from its wrongdoing," *id.* ¶ 72, and an award of "restitution and disgorgement of AMAZON's revenues to Plaintiff and each class member." *Id.* ¶ 73(d).

24.     Plaintiffs further request an unspecified amount of punitive damages, which also must be considered in determining the amount in controversy.  *Holley Equip. Co. v. Credit All. Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987); *Webb v. Citibank (S.D.), N.A.*, No. 11 Civ. 80223, 2011 WL 13228089, at *3 (S.D. Fla. Apr. 21, 2011) ("The fact that Plaintiff seeks punitive damages thus goes a long way toward convincing the Court that the amount in controversy threshold is met here, even resolving as this Court must all doubts in favor of the moving party.").

25.     Plaintiffs' demand for "attorneys' fees," Compl. ¶ 73(i), which are permissible under Florida Statutes Section 501.2105 for claims under the FDUTPA, places an additional amount in controversy.  *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000) ("When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy.").  Plaintiffs' first cause of action is based on the FDUTPA, Florida Statutes Section 501.201, *et seq.*, which allows the prevailing party to receive "reasonable attorney's fees and costs from the nonprevailing party."  Fla. Stat. § 501.2105; Compl. ¶¶ 48–54.

26.     Accordingly, Plaintiffs' and the putative classes' requested damages exceed $5 million.[4]

### B.     Diversity of Citizenship as Defined Under CAFA Exists

27.     To satisfy CAFA's diversity requirement, a party need only show that minimal diversity exists.  Minimal diversity, as defined by CAFA, requires that one putative class member be a citizen of a state different than one defendant.  28 U.S.C. § 1332(d)(2)(A).

28.     Because Plaintiffs are citizens of Florida and Amazon is a citizen of Washington and Delaware, minimal diversity is met.

### C.     The Aggregate Number of Putative Class Members Is 100 or Greater

29.     Plaintiffs assert claims on behalf of themselves and other similarly situated individuals in the United States "who purchased an AMAZON Prime membership, for fast and free shipping and delivery services, during the period of time commencing March 17, 2020 through the time the within matter is disposed."  Compl. ¶ 38.

30.     Plaintiffs allege the putative classes are comprised of more than 100 members. *Id.* ¶ 36.

31.     Therefore, the classes as alleged in the Complaint satisfy the number of required members for purposes of CAFA.  28 U.S.C. § 1332(d)(5)(B).

## II.     The Court Has Original Jurisdiction Pursuant to 28 U.S.C. § 1332(a)

32.     In addition, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).  Complete diversity of citizenship exists between Plaintiffs and Defendants,

---

[4]  Amazon reserves the right to present evidence establishing the amount placed in controversy should Plaintiffs challenge whether the jurisdictional amount in controversy is met.

and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C.

§ 1332(a).  Therefore, removal is proper under 28 U.S.C. § 1441(a).

     **A.**     **There Is Complete Diversity Between Plaintiffs and Defendants**

33.     Plaintiffs Andrez Marquez, Clarissa Morejon, Morgan Howard, Sophia Feliciano,

James Bromley, and Jeff Barr are citizens of Florida.  *See* Compl. ¶¶ 3–9.

34.     Defendant Amazon is a Delaware corporation with its principal place of business

in Seattle, Washington.  Therefore, Amazon is a citizen of Delaware and Washington.

35.     Accordingly, there is complete diversity between Plaintiffs and Defendant.

     **B.**     **The Amount in Controversy Exceeds $75,000**

36.     Under 28 U.S.C. § 1332(a), the amount in controversy must "exceed[] the sum or

value of $75,000, exclusive of interest and costs."

37.     Plaintiffs have not specified in the Complaint the exact amount of damages they

seek, although they claim to "seek damages in excess of $1,000,000, excluding interest and

costs."  Compl. ¶ 35.  As there are only six named plaintiffs in this case, the amount in

controversy alleged for each Plaintiff exceeds $75,000.

38.     Amazon's Notice of Removal need only make a "plausible allegation" that the

amount in controversy exceeds the jurisdictional threshold.  *Dart Cherokee Basin Operating Co.*

*v. Owens*, 574 U.S. at 89.

39.     Plaintiffs seek damages for the pro-rata amount paid for Amazon Prime during the

time in which free and fast shipping service was allegedly suspended.  Compl. ¶ 59.

40.     Plaintiffs further seek restitution from Amazon "removing all benefits, profits and

compensation obtained by AMAZON from its wrongdoing," *id.* ¶ 72, and an award of

"restitution and disgorgement of AMAZON's revenues to Plaintiff and each class member."  *Id.*

¶ 73(d).

41.     Plaintiffs request an unspecified amount of punitive damages, which must also be considered in determining the amount in controversy.  *Holley Equip. Co. v. Credit All. Corp.*, 821 F.2d at 1535; *Webb v. Citibank (S.D.), N.A.*, 2011 WL 13228089, at *3.

42.     In addition, Plaintiffs' demand for "attorneys' fees," Compl. ¶ 73(i), places an additional amount in controversy.  *Morrison v. Allstate Indem. Co.*, 228 F.3d at 1265.

43.     Reasonable attorneys' fees are calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.  *See, e.g.*, *Blum v. Stenson*, 465 U.S. 886, 888 (1984); *Ass'n of Disabled Americans v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006).

44.     "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 436 (11th Cir. 1999) (internal quotation omitted).

45.     Mark A. Panzavecchia was admitted to the New York State Bar in 1997 and is the managing partner of his law firm, Panzavecchia & Associates, PLLC.  According to his firm's website, he is also an adjunct faculty member at John Jay College of Criminal Justice, where he teaches Evidence, Criminal law, the New York Penal law, Constitutional law, and the American Judiciary.  Mark A. Panzavecchia, Panzavecchia & Associates PLLC, https://www.panzavecchialaw.com/mark-panzavecchia.html (last visited Feb. 23, 2021).

46.     Anthony Russo was admitted to the Florida State Bar in 1995 and is a "[n]ationally [r]ecognized [t]rial lawyer," and the founding partner of The Russo Firm.  Anthony J. Russo, The Russo Trial Lawyers, https://therussofirm.com/the-lawyers/anthony-j-russo-jr/ (last visited Feb. 23, 2021).

47.     Courts in the Southern District of Florida regularly approve hourly rates of $500 to attorneys with similar pedigrees practicing in the district.  *See, e.g.*, *H.C. v. Bradshaw*, 426 F. Supp. 3d 1266, 1277 (S.D. Fla. 2019) (approving partner's hourly rate of $500 in approving class action settlement); *Martin v. Creative Mgmt. Grp., Inc.*, No. 10 Civ. 23159, 2014 WL 11804564, at *1 (S.D. Fla. Jan. 23, 2014) (approving $500 hourly rate for attorney in wage and hour case); *Parrot, Inc. v. Nicestuff Distrib. Int'l, Inc.*, No. 06 Civ. 61231, 2010 WL 680948, at *12 (S.D. Fla. Feb. 24, 2010) (approving partner's $500 hourly rate).

48.     Likewise, courts in the Southern District of Florida regularly approve hourly rates of $300 for senior and midlevel associates and hourly rates of $250 for first-year associates.  *See, e.g.*, *Architectural Ingenieria Siglo XXI, LLC v. Dominican Republic*, No. 13 Civ. 20544, 2020 WL 6808856, at *16 (S.D. Fla. Apr. 16, 2020) (recommending hourly rate of $300 for associates admitted to the bar in 2010 and $250 for first-year associate), *report and recommendation adopted*, 2020 WL 5757493 (S.D. Fla. Sept. 28, 2020), *appeal filed*, No. 20-14058 (11th Cir. Oct. 30, 2020); *Garcia v. United Recovery Sols., Inc.*, 17 Civ. 81199, 2018 WL 3701151, at *3 (S.D. Fla. July 16, 2018) (recommending hourly rate of $300 for associate with seven years of experience, licensed in two states, and admitted to practice in multiple federal courts), *report and recommendation adopted*, No. 17-CV-81199, 2018 WL 4409981 (S.D. Fla. Aug. 1, 2018).

49.     Although Defendant denies that Plaintiffs' claims have any merit, Defendant avers, for the purposes of meeting the jurisdictional requirements for removal only, that taking into account the request for attorneys' fees, Plaintiffs' requested monetary recovery exceeds $75,000 per plaintiff.  Plaintiffs claim to seek "damages in excess of $1,000,000, excluding interest and costs," Compl. ¶ 35, which amounts to greater than $75,000 per plaintiff. Moreover, assuming 250 hours of attorney work per plaintiff at an hourly rate of $300 totals

$75,000 in attorneys' fees per plaintiff.  Thus, taken together, the attorneys' fees and whatever damages Plaintiffs may seek in the case plausibly exceed the amount in controversy requirement.

50.     Therefore, the total amount in controversy in this case exceeds the $75,000 minimum necessary for diversity jurisdiction.

## NOTICE

51.     Amazon will promptly serve Defendant's Notice of Removal on Plaintiffs and will promptly file a copy of Defendant's Notice of Removal with the Clerk of the Circuit Court for the Fifteenth Judicial Circuit, in which the action is pending, as required under 28 U.S.C. § 1446(d).

52.     Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders served" upon Amazon as well as other documents filed in the State Court Action are filed concurrently with this Notice of Removal as Exhibits A through G.

## CONCLUSION

53.     Defendant reserves the right to amend or supplement this Notice of Removal as may be appropriate.

54.     Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiffs or conceding that Plaintiffs have pleaded claims upon which relief may be granted.

55.     Should Plaintiffs file a motion to remand this case, Defendant respectfully requests an opportunity to respond more fully in writing.

WHEREFORE, Amazon requests that this action be removed from the Circuit Court for the Fifteenth Judicial Circuit to the United States District Court for the Southern District of Florida.

Dated:  February 23, 2021   Respectfully submitted,

      *s/ Robert M. Brochin*
      Robert M. Brochin
      Florida Bar No. 319661
      bobby.brochin@morganlewis.com
      Morgan, Lewis & Bockius LLP
      600 Brickell Avenue
      Suite 1600
      Miami, Florida 33131 2339
      Telephone:  305.415.3456

      -and-

      Anne Champion (pro hac vice forthcoming)
      achampion@gibsondunn.com
      Marc P. Epstein (pro hac vice forthcoming)
      mepstein@gibsondunn.com
      GIBSON, DUNN & CRUTCHER LLP
      200 Park Avenue, 47th Floor
      New York, New York 10166
      Telephone:  212.351.4000

      *Counsel for Defendant Amazon.com, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 23rd day of February, 2021, I electronically filed the foregoing

with the Clerk of Court using CM/ECF.  I will additionally arrange for a copy of this Notice of

Removal to be sent by US Mail and email to counsel of record.


*/s/Robert M. Brochin*
Robert M. Brochin


<u>Service List</u>

ANTHONY J. RUSSO JR., P.A. d/b/a THE RUSSO FIRM
Anthony J. Russo Jr
301 W. Atlantic Ave., Suite 0-2
Delray Beach, Florida 33444
Telephone:  (844) 847-8300
anthony@therussofirm.com

PANZAVECCHIA & ASSOCIATES, PLLC
Mark A. Panzavecchia
1000 Franklin Avenue, Suite 204
Garden City, New York 11530
Telephone:  (516) 776-9494
mark@panzavecchialaw.com

*Attorneys for Plaintiffs*

JS 44 (Rev. 10/20) FLSD Revised 10/14/2020

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

**(d)** Check County Where Action Arose: ☐ MIAMI- DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government
Plaintiff

☐ 3 Federal Question
*(U.S. Government Not a Party)*

☐ 2 U.S. Government
Defendant

☒ 4 Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*    Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729 (a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | | ☐ 368 Asbestos Personal | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | ☐ 340 Marine | Injury Product | | ☐ 840 Trademark | ☐ 460 Deportation |
| Student Loans | ☐ 345 Marine Product Liability | Liability | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| (Excl. Veterans) | | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | **Other:** | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 530 General | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee – Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Re-filed *(See VI below)*   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district *(specify)*   ☐ 6 Multidistrict Litigation Transfer   ☐ 7 Appeal to District Judge from Magistrate Judgment   ☐ 8 Multidistrict Litigation – Direct File   ☐ 9 Remanded from Appellate Court

## VI. RELATED/ RE-FILED CASE(S)

*(See instructions):* a) Re-filed Case ☐YES ☐ NO   b) Related Cases ☐YES ☐ NO

JUDGE:                                                    DOCKET NUMBER:

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $                    CHECK YES only if demanded in complaint:

JURY DEMAND: ☐ Yes ☐ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**

DATE        February 23, 2021

SIGNATURE OF ATTORNEY OF RECORD        /s/Robert M. Brochin

**FOR OFFICE USE ONLY : RECEIPT #**        AMOUNT        IFP        JUDGE        MAG JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.**    (a) **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence.  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys.  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction**.  The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked. Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; federal question actions take precedence over diversity cases.)

**III.**    **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**    **Nature of Suit**.  Nature of Suit. Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: [Nature of Suit Code Descriptions](Nature of Suit Code Descriptions).

**V.**    **Origin**.  Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.

Refiled (3) Attach copy of Order for Dismissal of Previous case. Also complete VI.

Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.

Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment.  (7) Check this box for an appeal from a magistrate judge's decision.

Remanded from Appellate Court. (8) Check this box if remanded from Appellate Court.

**VI.**    **Related/Refiled Cases**. This section of the JS 44 is used to reference related pending cases or re-filed cases. Insert the docket numbers and the corresponding judges name for such cases.

**VII.**    **Cause of Action**.  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity**. Example: U.S. Civil Statute: 47 USC 553
                          Brief Description: Unauthorized reception of cable service

**VIII.**    **Requested in Complaint**.  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand.  In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**Date and Attorney Signature**.  Date and sign the civil cover sheet.