UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 21-80392-CV-MIDDLEBROOKS

ANDREZ MARQUEZ, et al.,

      Plaintiffs,

v.

AMAZON.COM, INC.,

      Defendant.
_____/

## ORDER ON MOTION TO DISMISS

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint, filed on April 9, 2021. (DE 21). The Motion is fully briefed. (DE 40; DE 45). For the following reasons, Defendant's Motion to Dismiss is granted.

### I. BACKGROUND

Plaintiffs initiated this putative class action against Defendant in state court on January 19, 2021, alleging that Defendant breached its contracts with Amazon Prime subscribers by failing to provide rapid delivery shipping on some items at the outset of the global COVID-19 pandemic. (DE 1-2 at ¶ 19). Defendant properly removed this action to federal court on February 23, 2021 and filed a Motion to Dismiss on March 12, 2021. (DE 1; DE 15). In response, Plaintiffs filed a First Amended Complaint, alleging that "[b]eginning in March 2020 and continuing until at least May 2020, Amazon suspended Rapid Delivery of virtually all goods to its roughly 118 million Amazon Prime subscribers" and that, as a result, "those who subscribed to Amazon Prime and paid subscription fees were not getting the full benefit of their bargain because Rapid Delivery was unavailable." (DE 20 at ¶¶ 4, 7). According to Plaintiffs, when Defendant suspended rapid delivery shipping it breached its contracts with Amazon Prime subscribers ("Count I"), breached the covenant of good faith and fair dealing ("Count II"), violated the Washington Consumer Protection

Act (the "WCPA") ("Count III"), or, alternatively, unjustly enriched Defendant ("Count IV"). (*Id.* at ¶ 8).

Defendant has now moved to dismiss all four counts in Plaintiffs' First Amended Complaint for failure to state a claim. (DE 31). As to Counts I and II, Defendant asserts that Plaintiffs cannot state a breach of contract claim because they have pointed to no contractual provision that Defendant breached, nor have they suffered any injury. (*Id.* at 8–12). As to Count III, Defendant maintains that Plaintiffs have not alleged conduct that was either unfair or deceptive or an injury that affects the public interest. (*Id.* at 12–14). And as to Count IV, Defendant argues that the existence of a valid contract precludes Plaintiffs from raising an unjust enrichment claim. (*Id.* at 15). Because I find that, even accepting Plaintiffs' allegations as true, no contractual term obligated Defendant to provide rapid delivery shipping to Plaintiffs and that prioritizing the delivery of essential goods during the COVID-19 pandemic was not unfair or deceptive, Defendant's Motion to Dismiss is granted.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the allegations in a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing legal sufficiency, courts are bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). That is, "a complaint must . . . contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "Dismissal is therefore permitted 'when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.'" *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (citation omitted).

When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the Plaintiff and accept as true all of the Plaintiff's factual allegations. *See Christopher v. Harbury*, 536 U.S. 403, 406 (2002); *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). However, pleadings that "are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (citation omitted). "Factual allegations must be enough to raise [the Plaintiff's] right to relief above the speculative level[.]" *Id.* (citation omitted).

### III. DISCUSSION

Defendant asserts that all four counts in Plaintiffs' First Amended Complaint should be dismissed. I address each claim below.

#### A. Breach of Contract Claim

##### 1. *Sufficiency of Plaintiffs' Allegations*

Defendant first argues that Plaintiffs' breach of contract claim should be dismissed because Plaintiffs have failed to allege sufficient facts to establish the elements of this claim under Washington state law. To state a claim for breach of contract under Washington law, a plaintiff must show that "the contract imposes a duty, the duty is breached, and the breach proximately causes damage to the claimant." *Nw. Indep. Forest Mfrs. V. Dep't of Labor & Indus.*, 899 P.2d 6, 9 (Wash. 1995). All Parties agree that Plaintiffs entered into contracts with Defendant when they subscribed to Amazon Prime. (DE 20 at ¶ 47; DE 31 at 4). However, Defendant argues that Plaintiffs have not pled facts that satisfy the three elements of a breach of contract claim because, *inter alia*, Plaintiffs have not pointed to any provision in the contract that Defendant has allegedly breached.

In response, Plaintiffs argue that the First Amended Complaint properly states a claim for breach of contract under Washington law. (DE 40 at 3). As to the first element, Plaintiffs argue, without offering any additional explanation, that "[t]he contract imposed a contractual duty on Amazon to provide Rapid Delivery to Plaintiffs." (DE 20 at ¶ 54). As to breach, Plaintiffs argue that they have alleged that Defendant "breached its promise to provide Rapid Delivery," and, as to damages, Plaintiffs argue that they did not "receive the benefit of the bargain" because rapid delivery shipping was unavailable between March 2020 and May 2020. (*Id.* at 4–5).

At its core, the viability of this claim hinges on whether Plaintiffs have identified a contractual term that imposed a duty on Defendant to provide unqualified rapid delivery shipping to Amazon Prime subscribers. While Plaintiffs assert that "the contract imposes a contractual duty on Amazon to provide Rapid Delivery to Plaintiffs" (DE 20 at ¶ 54), nowhere in Plaintiffs' First Amended Complaint or Response do they directly cite or quote any language to that effect. Rather, Plaintiffs refer generally to "[t]he terms of the contract," comprised of "[t]he Amazon Prime Terms and Conditions . . . [t]he Amazon Conditions of Use . . . [t]he Amazon Prime Shipping Benefits-Eligible Items . . . [t]he Amazon Prime Shipping Benefits . . . [and] [t]he Amazon.com Privacy Notice," all of which are attached as exhibits to Plaintiffs' First Amended Complaint. (DE 20 at ¶ 48). I have reviewed the webpages cited by Plaintiffs, but nowhere have I been able to identify a provision that promises the things that Plaintiffs represent the documents do. The main documents Plaintiffs appear to rely on—the Amazon Prime Shipping Benefits-Eligible Items webpage and the Amazon Prime Shipping Benefits webpage—describe the different categories of Prime shipping and the types of items that may qualify under each tier, but nowhere do they guarantee unqualified rapid delivery shipping. (*See* DE 20-3; DE 20-4). Without pointing to any contractual provision that guarantees unqualified rapid delivery shipping, Plaintiffs have not pled sufficient

facts to state a breach of contract claim. *See Hard 2 Find Accessories, Inc. v. Amazon.com, Inc.*, 58 F. Supp 3d 1166, 1171 (W.D. Wash. 2014) ("Plaintiff fail[ed] to identify which section of the [contract] is at issue and allegedly breached. This failure is fatal to Plaintiff's Claim."), *aff'd sub nom. Hard2Find Accessories, Inc. v. Amazon.com, Inc.*, 691 F. App'x 406 (9th Cir. 2017). Moreover, "[o]ur duty to accept the facts in the complaint as true does not require us to ignore specific factual details of the pleading in favor of general or conclusory allegations. Indeed, when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Griffin Indus. Inc. v. Irvin*, 496 F.3d 1189, 1206–07 (11th Cir. 2007).

While "[c]ontract interpretation is typically inappropriate at the motion to dismiss stage for failure to state a claim," courts may "engage in such interpretation where the contract terms are unambiguous." *Martinair Holland, N.V. v. Benihana, Inc.*, 780 Fed. App'x 772, 775 (11th Cir. 2019). Here, the contract is unambiguous. Not only does no contractual provision support Plaintiffs' claim that Defendant promised to provide unqualified rapid delivery shipping, but the contract also plainly allows Defendant, in its discretion, to modify Prime membership benefits, including Prime shipping. The Amazon Prime Terms & Conditions state that "Prime shipping benefits depend upon inventory availability, order deadlines, and in some cases the shipping address," that those benefits are limited "to certain products," and that Amazon provides services "ON AN 'AS IS' AND 'AS AVAILABLE' BASIS." (DE 20-1 at 2). They also state that "Amazon may choose in its sole discretion to add or remove Prime membership benefits." (*Id.* at 3). Thus, even if Defendant had promised to provide unqualified rapid delivery shipping—a conclusory allegation that Plaintiffs have failed to support—the contract would have permitted Defendant to remove this benefit in its sole discretion. (*See id.*).

Because I have found that Plaintiffs have not pled facts that establish that Defendant owed a duty to provide Amazon Prime subscribers with unqualified rapid delivery shipping, Plaintiffs' breach of contract claim fails.

### 2.  *Unconscionability*

Plaintiffs argue that the terms described in the paragraph above, which allow Defendant to modify the Amazon Prime membership benefits at will, are unconscionable. It is not necessary for me to address Plaintiffs' unconscionability arguments for purposes of resolving Defendant's Motion to Dismiss the breach of contract claim. This is because, as I have explained, Plaintiffs point to no contractual provision that required Defendant to provide unqualified rapid delivery shipping even without considering the modification-at-will terms. Nevertheless, in the interest of completeness, I address Plaintiffs' unconscionability arguments below.

Plaintiffs argue that the contract terms allowing Defendant to modify at will the Amazon Prime membership benefits are procedurally and substantively unconscionable. (DE 40 at 8–11). "Procedural unconscionability is 'the lack of meaningful choice, considering all the circumstances surrounding the transaction, including the manner in which the contract was entered, whether each party had a reasonable opportunity to under the terms of the contract, and whether the important terms were hidden in a maze of fine print.'" *Zuver v. Airtouch Communications, Inc.*, 103 P.3d 753, 759 (Wash. 2004) (quoting *Nelson v. McGoldrick*, 896 P.2d 1258, 1262 (Wash. 1973)) (internal quotations omitted). Substantive unconscionability, in turn, "involves those cases where a clause or term in the contract is alleged to be one-sided or overly harsh." *Shroeder v. Fageol Motors, Inc.*, 544 P.2d 20, 23 (Wash. 1975). "'Shocking to the conscience,' 'monstrously harsh,' and 'exceedingly calloused' are terms sometimes used to define substantive unconscionability."

*Nelson*, 896 P.2d at 1262 (quoting *Montgomery Ward & Co. v. Annuity Bd. Of S. Baptist Convention*, 556 P.2d 552, 555 (1976)).

No reading of the facts Plaintiffs have alleged supports a finding of procedural or substantive unconscionability. While it is true that the Amazon Prime membership contract is an adhesion contract and that Defendant had superior bargaining power over Plaintiffs, this is not sufficient to state a claim for procedural unconscionability. *See Zuver*, 103 P.3d at 305 ("Washington courts have long held that the fact that unequal bargaining power exists will not, standing alone, justify a finding of procedural unconscionability."); *Romney v. Franciscan Med. Group*, 349 P.3d 32, 37 (Wash. Ct. App. 2015) ("The fact that a contract is an adhesion contract is relevant but not determinative."). "[T]he key inquiry for finding procedural unconscionability is whether [Plaintiffs] lacked meaningful choice." *Id.* Here, Plaintiffs have not offered any facts that suggest they lacked a reasonable choice in deciding whether or not to subscribe to Amazon Prime. Further, the exhibits attached to Plaintiff's Amended Complaint show that the important terms were not "hidden in a maze of fine print," but were included in plain language in the same font as the rest of the contract, which was only a few pages long. (*See, e.g.*, DE 20-1).

Nor do the facts Plaintiffs allege support a finding of substantive unconscionability.[1] Plaintiffs' only support for their substantive unconscionability argument is that the contract terms allow "one party to unilaterally modify" the contract, which they claim is unconscionable under Washington law. (*See* DE 40 at 10). As an initial matter, the case Plaintiffs rely on, *Al-Safin v. Circuit City, Stores, Inc.*, does not stand for the proposition that Plaintiffs represent it does; that case held that it would be unconscionable for a contract term to allow a party to "alter the rules

---

[1] I note that at least one other district court has considered this issue and reached the same conclusion. *See Ekin v. Amazon Servs., LLC*, 84 F. Supp. 3d 1172, 1176 (W.D. Wash. 2014).

and procedures governing arbitration almost at will" because of the "essential substantive and procedural rights" implicated by an arbitration requirement. 394 F.3d 1254, 1259, 1261–62 (9th Cir. 2005). As Defendant points out, Washington law does permit unilateral modification of a contract when the contract can be terminated at will by either party. *See Associated Petroleum Products, Inc. v. Northwest Cascade, Inc.*, 203 P.3d 1077, 1080 (Wash. Ct. App. 2009) ("A party to a terminable at will contract can unilaterally modify the contract because, in doing so, the party is simply terminating the old contract and offering a new one.").

Moreover, I note the irony of Plaintiffs attempting to argue, in effect, that it was unconscionable for Defendant to prioritize the shipment of "essential goods to address the most urgent consumer and public health needs resulting from the pandemic." (DE 21). Based upon Plaintiffs' own Complaint allegations, it appears that Defendant exercised responsible business judgment during an unprecedented global public health crisis. In those extraordinary circumstances, had Defendant *not* shifted its priorities in this manner, that might have been considered unconscionable.

In sum, Plaintiffs have failed to state a claim for breach of contract under Washington law because Plaintiffs have not identified a contractual provision that Defendant breached, and the unambiguous and undisputed contract allows Amazon to add or remove Amazon Prime membership benefits in its discretion.

### B. Breach of Covenant of Good Faith and Fair Dealing Claim

Defendant next argues that Plaintiffs' claim for breach of the covenant of good faith and fair dealing should be dismissed. In support, Defendant asserts that requiring Amazon to guarantee rapid delivery shipping despite the absence of any contractual provision requiring it would impermissibly "expand the existing duty of good faith to create obligations on the parties in

addition to those contained in the contract." (DE 31 at 11) (quoting *Badgett v. Sec. State Bank*, 807 P.2d 356, 360 (Wash. 1991)). Plaintiffs respond that the webpages it relied on in its breach of contract claims—that is, the webpages explaining the categories of rapid delivery shipping and Amazon Prime's shipping benefits under the "Help & Customer Service" section of Defendant's website—created a duty of good faith and fair dealing that "barred Amazon from simply reneging on that promise—the 'core' promise of Amazon Prime." (DE 40 at 12).

Under Washington law, "[t]here is in every contract an implied duty of good faith and fair dealing" that "obligates the parties to cooperate with each other so that each may obtain the full benefit of performance." *Rekhter v. State, Dep't of Soc. & Health Servs.*, 323 P.3d 1036, 1041. (Wash 2014). But "the duty of good faith does not inject substantive terms into the parties' contract." *Badgett*, 807 P.2d at 360; *see also Rekhter*, 323 P.3d at 113 ("[T]he implied covenant of good faith and fair dealing cannot add or contradict express contract terms and does not impose a free-floating obligation of good faith on the parties."). Rather, "the duty of [good faith and fair dealing] arises only in connection with terms agreed to by the parties." *Badgett*, 807 P.2d at 360; *see also Johson v. Yousoofian*, 930 P.2d 921, 925 (1996) ("The implied duty of good faith is derivative, in that it applies to the performance of specific contract obligations. If there is no contractual duty, there is nothing that must be performed in good faith.") (citations omitted).

As already explained above, Plaintiffs have not pointed to any contractual term that obligates Defendant to unconditionally provide rapid delivery shipping. Absent such a duty, Plaintiffs have not pled facts to show that there is anything that Defendant has failed to perform in good faith, and this claim warrants dismissal.

## C. Washington Consumer Protection Act Claim

Defendants next argue that Plaintiffs' have not stated a claim under the WCPA. (DE 31 at 12–14). The WCPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Wash. Rev. Code. Ann. ¶ 19.86.020. "A [WCPA] claimant must establish five elements: (1) an unfair or deceptive act or practice (2) in trade or commerce (3) that affects the public interest, (4) injury to plaintiff's business or property, and (5) causation." *Wright v. Lyft, Inc.*, 406 P.3d 1149, 1153 (Wash. 2017).

Defendant asserts that Plaintiffs have not alleged facts to satisfy any of these five elements: that Plaintiffs have not pled facts that show an unfair or deceptive act or practice in trade; that, even if there were a deceptive act or practice, it did not affect the public interest; that Plaintiffs were not injured; and, finally, that Plaintiffs have not alleged facts that support causation because they could have cancelled their Amazon Prime subscriptions at any time. (DE 31 at 12–14). Plaintiffs respond that Amazon deceptively omitted the fact that it may suspend rapid delivery shipping, and that it was unfair to suspend rapid delivery shipping to Amazon Prime subscribers. (DE 40 at 13–14). Plaintiffs further contend that "[a]dditional unfair practices included Amazon's breach of the contracts, [and] breach of the duty of good faith and fair dealing." (*Id.* at 14–15).

Plaintiffs' arguments that Defendant's breach of the contract and breach of the duty of good faith and fair dealing constitute unfair practices can be quickly disposed of because, as explained above, Defendant did not breach its contracts with Plaintiffs and did not breach the duty of good faith and fair dealing. Plaintiffs' remaining arguments require closer scrutiny.

"[A] claim under the [WCPA] may be predicated upon a per se violation of statute, an act or practice that has the capacity to deceive substantial portions of the public, or an unfair or deceptive act or practice not regulated by statute but in violation of public interest." *Young v.*

10

*Toyota Motor Sales, U.S.A.*, 472 P.3d 990, 994 (Wash. 2020) (quoting *Klem v. Wash. Mut. Bank*, 295 P.3d 1179, 1187 (Wash. 2013). In the First Amended Complaint, Plaintiffs allege the following deceptive acts and practices: that "Amazon represented that it would provide Rapid Delivery as part of its Amazon Prime service" and "failed to disclose that Amazon may suspend its Rapid Delivery" for a number of different reasons or that "when it suspends Amazon Prime's Rapid Delivery, subscribers do not receive any refund" and "do not receive any credit"; and that "Amazon failed to provide notice . . . that it had suspended Rapid Delivery." (DE 20 at ¶ 78). Plaintiffs also allege that it was an unfair act or practice for Amazon to "suspend[] Rapid Delivery to Amazon Prime subscribers." (*Id.* at ¶ 79).

Plaintiffs do not allege a WCPA violation predicated upon a per se statutory violation. Thus, Plaintiffs must allege either (1) an act or practice that has the capacity to deceive substantial portions of the public; or (2) an unfair or deceptive act or practice not regulated by statute but in violation of public interest. *See Young*, 472 P.3d at 994. Plaintiffs have satisfied neither prong. It is true that Plaintiffs have alleged that "Amazon failed to disclose that Amazon may suspend its Rapid Delivery at any time," and, at the motion to dismiss stage, the Complaint might well state a claim for relief under the statute if this allegation were the only thing I could consider. (DE 20 at ¶ 78). However, that allegation is plainly contradicted by the exhibits Plaintiffs attached to their Amended Complaint. And when the exhibits "contradict the general and conclusory allegations of the pleading, the exhibits govern." *Griffin*, 496 F.3d at 1206. Here, the contract attached as an exhibit to Plaintiffs' Amended Complaint, in no uncertain terms, states that "Amazon may choose in its sole discretion to add or remove Prime membership benefits," that "Prime shipping benefits depend upon inventory availability, order deadlines, and in some cases the shipping address," that those benefits are limited "to certain products," and that Amazon provides services "ON AN 'AS

11

IS' AND 'AS AVAILABLE' BASIS." (*See* DE 20-1 at 2–3). Because the contract is unambiguous, it is appropriate for me to interpret it at the motion to dismiss stage. *See Martinair Holland*, 780 Fed. App'x at 775. And because Defendant clearly disclosed that it may alter Prime membership benefits, including Prime shipping, its temporary suspension of rapid delivery did not "ha[ve] the capacity to deceive substantial portions of the public." *Young*, 472 P.3d at 994; *see also Keithly v. Intelius Inc.*, 764 F. Supp. 2d 1257, 1269 (W.D. Wash. 2011) (finding that a reasonable consumer "could not ignore or skim over the repeated disclosure . . . , especially when it was conspicuously presented at the moment of purchase"). In addition, Defendant did not violate the public interest—indeed it made a good faith effort to *serve* the public interest—when it prioritized the shipment of essential goods during the onset of the pandemic. *Cf. Perry v. Island Sav. & Loan Ass'n*, 684 P.2d 1281, 1289 (Wash. 1984) ("[A]cts or practices performed in good faith under an arguable interpretation of existing law do not constitute unfair conduct.").

Because Plaintiffs have not alleged facts, other than those plainly contradicted by the exhibits Plaintiffs attached to their Amended Complaint, that show that Defendant engaged in an unfair or deceptive act or practice, their claim under the WCPA fails under the first element and I need not consider the remaining four.

### D. Unjust Enrichment Claim

Finally, Defendants argue that Plaintiffs' unjust enrichment claim must be dismissed because there is a valid, enforceable contract between the Parties, and, even if there were not, Plaintiffs have not alleged facts to state a claim for unjust enrichment. (DE 31 at 15). To state a claim for unjust enrichment under Washington law, a plaintiff must show: "(1) the defendant receive[d] a benefit, (2) the received benefit is at the plaintiff's expense, and (3) the circumstances

make it unjust for the defendant to retain the benefit without payment." *Young v. Young*, 191 P.3d 1258, 1262 (Wash. 2008).

I have already rejected Plaintiffs' arguments that the contract terms are unconscionable and, while the Plaintiffs allude to "the possibility that Plaintiffs did not assent to the terms of the contract," they pled no facts in support of that claim. (DE 20 at ¶ 94). Thus, because a valid and enforceable contract controls here, Plaintiffs cannot state a claim for unjust enrichment. *See Norcon Builders, LLC v. GMP Homes VG, LLC*, 254 P.3d 835, 844 (Wash. Ct. App. 2011) (explaining that unjust enrichment applies "absent any contractual relationship").

## IV. CONCLUSION

Based upon the foregoing, it is **ORDERED AND ADJUDGED** that:

(1) Defendant's Motion to Dismiss the First Amended Complaint (DE 31) is **GRANTED**.

(2) The First Amended Complaint (DE 20) is **DISMISSED WITH PREJUDICE.**

(3) The Clerk of Court shall **CLOSE THIS CASE**.

(4) All pending motions shall be **DENIED AS MOOT**.

**SIGNED** in Chambers at West Palm Beach, Florida, this 18 day of November, 2021.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record